[No. 47272-1-I.   Division One.   August 12, 2002.]

THE STATE OF WASHINGTON, *Respondent*, v. RAYMOND ARTHUR BEN, *Appellant*.

*Sharon J. Blackford* (of *Washington Appellate Project*), for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Keith P. Scully, Deputy,* for respondent.

AGID, J. — Raymond Ben appeals his conviction and sentence for three counts of first degree burglary and one count of first degree robbery. Because the trial judge determined this conviction was his "third strike," Ben received a sentence of life in prison without the possibility of parole under Washington's Persistent Offender Accountability Act (POAA). He argues the POAA violates the Washington Constitution because it mandates a sentence which exceeds the statutory maximum for the crime charged but does not require the State to prove prior predicate convictions to a jury beyond a reasonable doubt. We affirm his sentence because as an intermediate appellate court, we must follow the Supreme Court's decision in *State v. Manussier*,[1] which rejected Ben's argument.[2]

## FACTS

For purposes of the published portion of this opinion, the relevant facts are as follows: The State charged Ben with three counts of first degree burglary and one count of first degree robbery. After a jury trial, Ben was found guilty as charged. Because this conviction was his "third strike," the

---

[1] 129 Wn.2d 652, 921 P.2d 473 (1996), *cert. denied,* 520 U.S. 1201 (1997).

[2] This opinion has been modified in order to publish our ruling on this issue.

trial court found that he was a "persistent offender" under the POAA and sentenced him to life in prison without possibility of parole. This appeal followed.

## DISCUSSION

### Was Ben Deprived of His Right to a Jury Trial under the State Constitution?

Ben argues his right to a jury trial was violated because the Washington Constitution requires that a jury, and not a judge, determine whether he is a "persistent offender" under the POAA. He maintains that to comport with the right to a jury trial under the Washington Constitution, a jury must determine that he has the requisite prior convictions beyond a reasonable doubt before he can be sentenced to life in prison without possibility of parole.

Although Ben makes a persuasive argument, as an intermediate appellate court, we are constrained to follow the Supreme Court's decision in *State v. Manussier*, which rejected the argument that the POAA violates the right to a jury trial under the Washington Constitution. *Manussier* held that the POAA's preponderance of the evidence standard for proving the existence of prior convictions did not violate state and federal constitutional due process requirements. As Ben acknowledges, his argument before this court is substantially the same as the argument raised by Justice Madsen in her *Manussier* dissent. The *Manussier* majority did not explicitly address the question whether the POAA violates the right to a jury trial under the state constitution. However, we must presume that because Justice Madsen's dissent analyzed the issue and the *Manussier* majority did not adopt her analysis, they rejected it. Therefore, *Manussier* requires us to reject Ben's argument here.

The remainder of this opinion has no precedential value. Therefore, it will be filed for public record in accordance with the rules governing unpublished opinions.[3]

Affirmed.

COLEMAN and BAKER, JJ., concur.